**Gaoussou FOFANA, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondents.**

**No. 08–4535–ag.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

Barry R. Goldberg, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Janice K. Redfern, Senior Litigation Counsel, Elizabeth Young, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Gaoussou Fofana, a native and citizen of the Ivory Coast, seeks review of the August 19, 2008 order of the BIA affirming the January 10, 2007 decision of Immigration Judge ("IJ") Douglas Schoppert denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gaoussou Fofana*, No. A 079 131 905 (B.I.A. Aug. 19, 2008), *aff'g*

No. A 079 131 905 (Immig. Ct. N.Y. City Jan. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. Asylum

We lack jurisdiction to review the IJ's decision insofar as Fofana's application for asylum was pretermitted as untimely. *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Fofana has made no argument that would invoke our jurisdiction. Therefore, we dismiss the petition for review to that extent. *See* 8 U.S.C. § 1158(a)(3).

## II. Withholding of Removal and CAT Relief

In finding Fofana not credible, the IJ cited: (1) his seven-year delay in filing his asylum application; (2) Fofana's failure to disclose that he was arrested and convicted of a criminal offense in the U.S.; (3) the omission from the asylum application of any assertion that he was beaten on account of his religious activities; and (4) an inconsistency in testimony as to when he traveled from the Ivory Coast to Mali. Fofana's brief to the BIA argued only that the IJ "abuse[d] his discretion when he question[ed] Mr. Fofana's credibility." While Fofana challenges these findings in his brief to this Court, his arguments are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir. 2007).

In any event, Fofana's arguments would be unavailing. Fofana argues that the IJ's credibility findings went to "minor" issues that "did not go to the heart of his claim"; however, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).